IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIAM VAN POYCK,

    Plaintiff,

v.                                            Case No. 1:13-cv-97-MW

JOHN PALMER,
in his official capacity as the
Warden of the Florida State Prison,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT & DENYING STAY

Before this Court is William Van Poyck's Complaint, ECF No. 1, filed under 42 U.S.C. § 1983 and accompanying Motion for Preliminary Injunction and Stay of Execution, ECF No. 3.[1] Van Poyck is a death-sentenced inmate incarcerated in the State of Florida whose execution is currently scheduled for June 12, 2013, at 6 p.m. This Court dismisses the Complaint for failure to state a claim and denies the Motion.

---

[1] It does not appear that the Complaint has been served on the Defendant, and this Court has been informed that the Attorney General's office, which has been involved in the postconviction proceedings, will not be filing a responsive pleading inasmuch as the Attorney General does not represent the Florida Department of Corrections or Warden Palmer. Therefore, this Court enters this Order without benefit of a responsive pleading inasmuch as it appears that a response will not be forthcoming.

This action was filed on May 24, 2013, but for some inexplicable reason was not assigned to the undersigned until the afternoon of May 28, 2013. Inasmuch as the matter languished for more than four days, and given the time-sensitive nature of the matter, the undersigned issues this truncated Order so that Van Poyck can seek meaningful appellate review of the dismissal of his Complaint.

## I. BACKGROUND

Van Poyck was convicted of first-degree murder and sentenced to death for his role in the June 1987 killing of Correctional Officer Fred Griffis. In its decision affirming the denial of initial postconviction relief, the Florida Supreme Court briefly summarized the facts of the crime as follows:

> On June 24, 1987, state inmate James O'Brien was transported to the office of a dermatologist by two corrections officers. Officer Griffis drove the van and was unarmed. Officer Turner was responsible for watching O'Brien, the two separated by a cage. Upon arriving at the dermatologist's office, Officer Turner turned his eyes downward looking for paperwork. When Turner looked back up, he saw Van Poyck, who had approached the van, aiming a gun at his head. Officer Turner was forced out of the van and ordered to crawl underneath the vehicle. While Officer Turner was getting under the van, Frank Valdez, one of Van Poyck's accomplices, was approaching the driver's side of the van. Officer Turner, from underneath the van, saw Officer Griffis forced out of the van and taken to the back of the vehicle. Then, while noticing two sets of feet near the back of the van, he heard the gunshots that killed Officer Griffis. Officer Turner did say, however, that he was unable to testify as to Van Poyck's location when the shooting occurred. Officer Griffis was shot three times, once with the barrel of the gun placed to his head.

2

*Van Poyck v. State*, 694 So. 2d 686, 688 (Fla. 1997) (per curiam) (*Van Poyck II*).

Van Poyck was convicted of first-degree murder, attempted first-degree murder, aiding in an attempted escape, aggravated assault, and six counts of attempted manslaughter. By a vote of eleven to one, the jury recommended that the penalty of death be imposed. The trial judge followed the jury's recommendation and sentenced Van Poyck to death. On direct appeal, the Florida Supreme Court affirmed the conviction and sentence. *See Van Poyck v. State*, 564 So. 2d 1066, 1071 (Fla. 1990) (*Van Poyck I*). Although the court held that "the record [did] not establish that Van Poyck was the triggerman," it recognized that it did "establish that he was the instigator and the primary participant in this crime." *Id.* at 1070. The court further concluded that because "there [was] no question that Van Poyck played the major role in this felony murder and that he knew lethal force could be used," his death sentence was proportionate. *Id.* at 1070–71.

Following his direct appeal, Van Poyck filed an initial postconviction motion and was represented by Jeffrey Davis of the law firm Quarles & Brady.[2] The trial court denied relief and Van Poyck, represented by Davis, appealed. The Florida Supreme Court affirmed the denial of relief. *See Van Poyck v. State*, 694 So. 2d 686, 699 (Fla. 1997) (*Van Poyck II*).

---

[2] Davis, in fact, filed a 274 page motion and the state court conducted an evidentiary hearing at which Davis appeared on behalf of Van Poyck. ECF No. 1, ex. I at 33-41.

Thereafter, Van Poyck filed a federal habeas petition and was again represented by Davis. The district court denied relief, and the Eleventh Circuit affirmed the district court's summary denial of relief. *See Van Poyck v. Fla, Dept of Corr.*, 290 F.3d 1318, 1330 (11th Cir. 2002) (*Van Poyck III*).

In 2005, Van Poyck returned to state court represented by Davis and Mark Olive to seek DNA testing of the clothes worn by himself, a co-defendant, and the victim. The trial court denied the motion, and the Florida Supreme Court affirmed. *See Van Poyck v. State*, 908 So. 2d 326, 327 (Fla. 2005) (*Van Poyck IV*).

While *Van Poyck IV* was pending, Van Poyck filed a successive motion for postconviction relief asserting that an affidavit by a prison acquaintance constituted newly discovered evidence. The trial court denied relief, and this denial was affirmed by the Florida Supreme Court in May 2007. *See Van Poyck v. State*, 961 So. 2d 220, 221 (Fla. 2007) (*Van Poyck V*). Van Poyck was represented in this proceeding by Mark Olive, Davis, and another attorney from Quarles & Brady.

In April 2009, Van Poyck, again represented by Davis, filed a federal action under 42 U.S.C. § 1983 alleging several claims surrounding his request for DNA testing. The district court denied relief, and the Eleventh Circuit affirmed. *See Van Poyck v. McCollum*, 646 F.3d 865, 866 (11th Cir. 2011) (*Van Poyck VI*). Davis also represented Van Poyck in four state habeas proceedings. See ECF No. 1, ex. G. In

short, Davis' representation of Van Poyck was anything but fleeting and/or superficial.

In December 2010, Van Poyck, represented by Gerald Bettman, filed a fourth state collateral challenge to his sentence alleging newly discovered evidence in the form of juror affidavits entitling him to a new sentencing hearing. The trial court denied relief, and the Florida Supreme Court affirmed. *See Van Poyck v. State*, 91 So. 3d 125, 126 (Fla. 2012) (*Van Poyck VII*).

On May 3, 2013, Florida Governor Rick Scott signed the death warrant for Van Poyck scheduling his execution for June 12, 2013, at 6 p.m. On May 8, 2013, the trial court denied a motion filed by Bettman which it treated as a motion to withdraw. *See* ECF No. 1, ex. C. On May 9, 2013, Van Poyck filed a *pro se* motion for appointment of counsel pursuant to section 27.711, Florida Statutes, in Palm Beach County, Florida, *see* ECF No. 1, ex. E, which the trial court denied on May 10. On May 15, Davis filed a motion to withdraw in the absence of a stay following the trial court's May 10th determination that the firm of Quarles & Brady continue to represent Van Poyck absent a court order releasing them from representation. The trial court also denied Bettman's motion to withdraw and determined that Bettman was and should remain an attorney of record for Van Poyck. *See* ECF No. 1, ex. F.

5

Bettman filed a notice of appeal to the Florida Supreme Court, and the Court remanded the matter to "the trial court for consideration of appropriate counsel in the case." *See* ECF No. 1, ex. G. On May 13, the trial court held a hearing to determine counsel in the matter. *See* ECF No. 1, ex. I. After the hearing, the trial court found that Davis and Bettman were the lawyers most knowledgeable about the facts and history of the case and that Olive had been involved in the litigation of the case and was knowledgeable about death warrant litigation; therefore, these three attorneys were ordered to remain counsel of record for Van Poyck. *See* ECF No. 1, ex. O at 12-13.

Davis and Olive filed notices of their inability to ethically satisfy the trial court's schedule. ECF No. 1, ex.'s P & Q. Davis and Olive also filed motions to withdraw. ECF No. 1, ex.'s M & L. In Davis' motion to withdraw in the absence of a stay he stated among other things that he "does not possess the expertise necessary to serve as primary counsel in post-warrant matters." *See* ECF No. 1, ex. M at 4. The Florida Supreme Court denied the motions to withdraw and held that Bettman, Davis, and Olive remained as counsel for Van Poyck. The court also denied a request for a stay of execution and noted that "[n]oticeably absent from

these recent filings is any substantive reason for granting a stay." *Van Poyck v. Florida*, Nos. SC73662, SC 13-851, 2013 WL 2217495, at *1 (Fla. May 20, 2013).[3]

As noted initially, Van Poyck filed the instant action on May 24, 2013, and the case was assigned to the undersigned on May 28, 2012. While pursuing the instant section 1983 claim, the same lawyers who sought to withdraw filed a third successive motion for postconviction relief and motion to vacate sentence in Palm Beach County, Florida. Judge Burton heard the matter on May 28, 2013, and issued an order on May 29, 2013. Judge Burton dismissed and denied the motions respectively.

## II. STANDARD OF REVIEW

Because Van Poyck is an inmate seeking redress from a governmental entity or officer or employee of a governmental entity, this Court is required to dismiss the case at any time if it determines that the Complaint is "(1) frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A.

A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissals on this ground should only be ordered when the legal theories are

---

[3] Van Poyck claims a divided Florida Supreme Court denied all pending motions when, in fact, the entire court concluded that counsels' motion to withdraw should be denied. The court was only divided on the issue of whether a stay should issue.

"indisputably meritless," *id.* at 327, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

Dismissals for failure to state a claim are governed by the standard set forth in Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of a complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). However, such acceptance is not blind; only well-pleaded factual allegations are taken as true, and only reasonable inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980);[4] *see also Long v. Satz*, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Indeed, "any

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." *Weissman v. Nat'l Ass'n of Sec. Dealers*, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing *Associated Builders, Inc.*, 505 F.2d at 99). A complaint may be and is appropriately dismissed if the facts as plead on their face do not state a plausible claim for relief.

## III. ANALYSIS

Van Poyck contends that his due process rights under the Fourteenth Amendment were violated by the state court's refusal to appoint him postconviction counsel under Chapter 27, Florida Statutes. Van Poyck fails to state a claim. This is so for several reasons.

First, the United States Supreme Court has held that the due process clause does not require states to appoint counsel for capital defendants seeking postconviction relief. *Murray v. Giarratano*, 492 U.S. 1, 10 (1989).[5] Thus, Van

---

[5] This Court recognizes that *Murray* does not involve a defendant who actually went through the postconviction process without counsel. In fact, Justice Kennedy, with whom Justice O'Connor concurred in the judgment, explicitly noted that "[w]hile Virginia has not adopted procedures for securing representation that are as far reaching and effective as those available in other States, no prisoner on death row in Virginia has been unable to obtain counsel to represent him in postconviction proceedings. . . . I am not prepared to say that this scheme violates the Constitution." 492 U.S. at 14. Here, in light of the state court rulings, Van Poyck continues to be represented in all postconviction proceedings, and thus Justice Kennedy's qualification is not implicated.

Poyck does not have a right to the appointment of postconviction counsel under federal law.

Second, assuming without deciding that Chapter 27 creates a right or – as Van Poyck suggests – mandates a process whereby postconviction counsel must be appointed to pass constitutional muster, Chapter 27 does not require the appointment of postconviction counsel under these facts.

> Section 27.7001 provides as follows:
>
> It is the intent of the Legislature to create part IV of this chapter, consisting of ss. 27.7001-27.711, inclusive, to provide for the collateral representation of any person convicted and sentenced to death in this state, so that collateral legal proceedings to challenge any Florida capital conviction and sentence may be commenced in a timely manner and so as to assure the people of this state that the judgments of its courts may be regarded with the finality to which they are entitled in the interests of justice. It is the further intent of the Legislature that collateral representation shall not include representation during retrials, resentencings, proceedings commenced under chapter 940, or civil litigation.

Fla. Stat. § 27.7001. Section 27.711, in turn, defines postconviction capital collateral proceedings as:

> **one series of collateral litigation** of an affirmed conviction and sentence of death, including the proceedings in the trial court that imposed the capital sentence, any appellate review of the sentence by the Supreme Court, any certiorari review of the sentence by the United States Supreme Court, and any authorized federal habeas corpus litigation with respect to the sentence. **The term does not include repetitive or successive collateral challenges to a conviction and**

**sentence of death which is affirmed by the Supreme Court and undisturbed by any collateral litigation**.

Fla. Stat. § 27.711(1)(c) (emphasis added).

Importantly, Chapter 27 does not strip a defendant of his right to be represented by a counsel of his choosing. *See Melton v. State*, 56 So. 3d 868, 871-73 (Fla. 2011). It is undisputed that Davis agreed to represent Van Poyck *pro bono* and, in fact, filed Van Poyck's initial postconviction motion once Collateral Capital Regional Counsel withdrew based on a conflict. It is equally undisputed that Van Poyck, without objection, vigorously pursued postconviction proceedings with Davis, Olive, and Bettman as his lawyers. It is no answer that these lawyers do not meet the qualifications of Chapter 27. Chapter 27 enumerates the requirements for appointment and payment by the state pursuant to Chapter 27. As these lawyers insist though, they were not appointed pursuant to Chapter 27, and thus the Chapter 27 requirements do not apply.[6]

Further, Van Poyck seeks the appointment of counsel pursuant to Chapter 27 for what appears to be the filing a successive collateral challenge. Under its plain language, however, Chapter 27 expressly excludes the appointment of counsel to mount successive collateral challenges. In short, assuming arguendo Chapter 27

---

[6] Van Poyck (and even Davis for that matter) only now alleges, after twenty years, that Davis is not qualified to adequately represent him, a claim which the state trial court and this Court find disingenuous. Bettman and Olive's claims of inadequacy are equally unavailing.

11

creates a right under certain circumstances, for the reasons stated above, Van Poyck is not entitled to the appointment to new postconviction counsel under the facts of this case.

Third, assuming again without deciding that Chapter 27 creates a right to counsel, Van Poyck was not denied postconviction counsel without procedural due process. To the contrary, it is undisputed that Van Poyck's request for appointment of counsel under Chapter 27 was heard by the state trial court and thoughtfully considered by the Florida Supreme Court. The state courts simply rejected Von Poyck's claim that his lawyers could withdraw at the eleventh hour and force a stay by demanding the appointment of counsel under Chapter 27 when he was already represented by counsel intimately familiar with the case.

Fourth, Van Poyck has in essence filed an appeal of the state court's denial of his attorneys' motions to withdraw masquerading as a federal due process claim. However, Van Poyck fails to state a due process claim, and he has no right to appeal the state court's denial by simply recasting the "appeal" as a due process claim.

In short, Van Poyck has asserted no cognizable due process claim. Therefore, this action is dismissed.

As for Van Poyck's motion for a stay of execution, a stay of execution is an equitable remedy and "'[e]quity must take into consideration the State's strong

interest in proceeding with its judgment . . . .'" *Nelson v. Campbell*, 541 U.S. 637, 649 (2004) (quoting *Gomez v. U.S. Dist. Ct. for N.D. of Cal.*, 503 U.S. 653, 654 (1992)). Thus, before granting a stay, a district court must consider not only the likelihood of success on the merits and the relative harms to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim. *Nelson*, 541 U.S. at 649-650. Given the State's significant interest in enforcing its criminal judgments, there is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay. *Id.* at 650. Additionally, a stay of execution should be granted only when there are substantial grounds upon which relief might be granted. *See Bowersox v. Williams*, 517 U.S. 345, 346 (1996); *Delo v. Stokes*, 495 U.S. 320, 321 (1990) (per curiam) ("A stay of execution pending disposition of a second or successive federal habeas petition should be granted only when there are 'substantial grounds upon which relief might be granted.'") (quoting *Barefoot v. Estelle*, 463 U.S. 880, 895 (1983)). Because this Court has dismissed Van Poyck's Complaint in finding that it does not state a claim upon which relief can be granted, there are no substantial grounds upon which to grant a stay.

Therefore, it is ORDERED and ADJUDGED:

1. Plaintiff's Complaint under 42 U.S.C § 1983, ECF No. 1, is DISMISSED;

2. Plaintiff's Motion for Preliminary Injunction and Stay of Execution is DENIED;

3. The clerk must enter judgment stating, "The case is dismissed with prejudice." The clerk must close the file.

SO ORDERED on May 30, 2013.

s/Mark E. Walker<br>United States District Judge